IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Terry L. Barnes, Sr.,** | Case No. 1:24cv01000 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | |
| **City of Cleveland, Ohio, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiff Terry L. Barnes, Sr. filed this complaint against the City of Cleveland, Ohio; Cleveland Police Department; Cleveland Municipal Court Clerk; Cuyahoga County, Ohio; Cuyahoga County Clerk of Courts; the State of Ohio; and the Ohio Attorney General. (Doc. No. 1). He seeks $7,300,000 in compensatory relief.

## I. Background

Plaintiff's complaint contains very few facts. Plaintiff states that the defendants reported to third party organizations, through print, signs, and effigies, that Plaintiff "committed an 'aggregated felony murder victim is law enforcement officer on duty.'" (*Id.* at 3-4). According to the complaint, Defendants "carried this defamation without any regard for the truth," from September 10, 2017 until the present. (*Id.* at 4). Plaintiff alleges Defendants' conduct constitutes defamation under 28 U.S.C. § 4101.

## II. Standard of Review

Plaintiff filed an application to proceed *in forma pauperis* (Doc. No. 2) pursuant to 28 U.S.C. § 1915. The Court grants that application. Accordingly, because Plaintiff is proceeding *in*

*forma pauperis*, his complaint is before the Court for initial screening under 28 U.S.C. § 1915(e)(2).

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

The Court lacks subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction, and unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the plaintiff must establish that he or she is a citizen of one state and all the defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). The second type of federal jurisdiction relies on the presence of a federal question. *See* 28 U.S.C. § 1331.This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Diversity of citizenship is not present in this case. Plaintiff lists Ohio addresses for all parties to this case, including himself. And there is no suggestion on the face of the complaint that

any of the parties are citizens of states other than Ohio. Therefore, if federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. To invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, a plaintiff must allege facts showing the cause of action involves an issue of federal law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987). In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" the defendants may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

Here, Plaintiff alleges that the defendants defamed him. Defamation actions are governed solely by state law. *See Culver v. Churchill*, No. 3:23-CV-2454, 2024 WL 1555774, 2024 U.S. Dist. LEXIS 65137, *3 (N.D. Ohio Apr. 10, 2024). In an apparent attempt to bring his defamation action into federal court, Plaintiff cites 28 U.S.C. § 4101 in support of his claim. This federal statute, however, is part of a statutory scheme concerning the enforceability of foreign defamation judgments. Specifically, Section 4101 is the definition section of the statute providing for the recognition of foreign judgments. *See Duncan v. Kuhr*, No. 3:23 CV 327, 2023 WL 3479174, 2023 U.S. Dist. LEXIS 85853, *3 (N.D. Ohio May 16, 2023); 28 U.S.C. § 4101 ("Definitions"). A foreign judgment is defined as a judgment from another country. *Id.*; see 28 U.S.C. § 4101(3) and (4). There is no suggestion in Plaintiff's complaint of a foreign judgment. Moreover, Section 4101, itself, does not provide a private cause of action that would confer federal question jurisdiction. *Sanders v. Hill*, No. 5:23-cv-1949, 2023 WL 8544229, 2023 U.S. Dist. LEXIS 219563, *3 (N.D. Ohio Dec. 11, 2023); *Pearson v. Whatley*, No. 1:22-cv-1041, 2022 WL 4273540, 2022 U.S. Dist. LEXIS 167086, *8 (Sept. 15, 2022).

Because Plaintiff has not established a basis for this Court's subject matter jurisdiction, the Court must dismiss Plaintiff's complaint.

## IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date:  September 10, 2024

 s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE